**E-FILED**
Thursday, 26 April, 2007  01:14:57 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE

URBABA DIVISION OF ILLINOIS

|  |  |  |
|---|---|---|
| KEEFER JONES | ) | CASE NO. 02-CR-20029-MPM |
| PETITIONER/DEFENDANT | ) | CIVIL NO. _07-2086_ |
|  | ) |  |
| - v - | ) | U.S. District Court Judge |
|  | ) | Honorable Michael P. McCuskey |
| UNITED STATES OF AMERICA | ) |  |
| RESPONDENT/PLAINTIFF | ) | MOTION TO SET ASIDE, VACATE OR |
|  | ) | CORRECT A FEDERAL SENTENCE UNDER |
|  | ) | 28 U.S.C. § 2255 IN A FUNDAMENTALLY |
|  |  | AND MANIFESTLY DEFECTIVE PROCEEDING |

MOTION TO SET ASIDE, VACATE OR CORRECT A FEDERAL SENTENCE

UNDER 28 U.S.C. § 2255 IN A FUNDAMENTALLY

AND MANIFESTLY DEFECTIVE PROCEEDING

TO THE HONORABLE U.S. DISTRICT COURT:

NOW HERE COMES, Petitioner/Defendant, Keefer Jones, acting in

propria persona and in want of counsel, hereby and most respectfully

- 1 -

requests that this Honorable U.S. District court grant in its

entirety this MOTION TO SET ASIDE, VACATE OR CORRECT A FEDERAL

SENTENCE UNDER 28 U.S.C. § 2255 IN A FUNDAMENTALLY AND MANIFESTLY

DEFECTIVE PROCEEDING, towards the interests of justice and to cure

several U.S. Constitutional violations of primarily the Fifth

Amendment for the Due Process of Law Clause.


M  E  M  O  R  A  N  D  U  M    O  F    L  A  W


    Petitioner/Jones states that he was not granted enough time to

prepare his defense because Discovery was not presented until the

very day of pretrial.  Court denied a second continuance requested

in good faith and counsel failed to file motions contesting several

decisions against Petitioner.  In addition, counsel Carol Dison

should have recused herself after conflict of interest was established.


    All counsels failed to make a legal determination of the prior

state charging instrument when they did not prove essential elements

of the offense charged and thus denying Petitioner a challenge to the

possibly invalid charging instrument.  Because a prior was used to

illegally a federal sentence as the subject matter jurisdiction was

not proven or established.  Counsel failed to object to the failure

to test the hair found on elleged dope bag which could not have been

the Petitioner's.

- 2 -

## G R O U N D    O N E

## INEFFECTIVE    ASSISTANCE    OF    COUNSEL

Petitioner has evidence which was not admitted, because both counsel and prosecutor would not allow forensic evidence to be tested which would prove that the "dope bag" was Petitioner's. In fact, the bag was planted and otherwise used as false evidence against Defendant and the real person dropped their hair on the bag. Counsel was not vigilent was haphazard and desultory efforts to secure mitigation evidence resulted in representation that fell below an objective standard of reasonableness. This combination of attorney errors leads a jurist of reason to conclude that Petitioner/Jones was severely prejudiced during the penalty phase of his trial and is due a new sentencing proceeding in the least.

See, Evitts v. Lucy, 469 U.S. 387, 83 L. Ed. 2d. 821, 105 S. Ct. 830 (1985),

> " The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on a first appeal, as a right."

Because counsel refused to cooperate with Petitioner is in the least a conflict of interest and the lack of motions contesting the failure to prove evidence which Petitioner was adamantly in favor of acquiring.

- 3 -

See, <u>U.S. v. Cronic</u>, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d. 657 (1984),

> " The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of the trial.  Similarly, if counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable."

Counsel has a duty, indeed, an obligation to familiarize themselves with the Discovery materials provided by the government and because counsel was devoid of virtually any understanding of the Discovery since it was not even presented until the day of pretrial is not acceptable or reasonable under objectivity by <u>Strickland v. Washington</u>, 466 U.S. 668, 80 L. Ed. 2d. 674, 104 S. Ct. 2052 (1984),

> " Ineffective assistance of counsel claims must meet the two-pronged test of (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable of fundamentally unfair outcome of the proceeding."

It is clearly evident that all counsels were not in the best interests of Petitioner in their repeated failure to challenge the most fundamentally required assistance required to challenge the evidence herein stated.

- 4 -

G R O U N D     T W O

MATERIAL FACTS AND LEGAL EVIDENCE DENIED TESTING PROCESS


Petitioner/Jones states that he did not write or sign any type of confession and that it is fraud upon the court to suggest other- wise.  Court's refusal to allow a forensic testing would show that the handwriting was not Petitioner's by some foreign agent used to frame and set up an individual who is actually innocent.


The court has obviously undermined public confidence in their denial of legal motions to contest the forensic evidence used against a person charged with a serious felony, to wit, fingerprints not of the Petitioner, and hair not the Petitioner's.  See, Liljeberg v. Health Services, 486 U.S. 847, 108 S. Ct. 2194, 100 L. Ed. 2d. 855 (1988),    " Section 455(a) provides that a judge 'shall
              disqualify himself in any proceeding in which his
              impartiality might reasonably be questioned'.
              Unlike section 455(b), which specifies circumstances
              constituting actual conflicts of interest, the
              purpose of section 455(a) is 'to promote confidence
              in the judiciary by avoiding even the appearance
              of impropriety whenever possible'."


The U.S. Supreme Court applied a three-factor test to determine whether a judicial action taken in violation of section 455(a) should be remanded by vacatur.


- 5 -

This test requires a court to consider:

(1)    the risk of injustice to the parties in the particular case;

(2)    the risk that the denial of relief will produce injustice in other cases, and;

(3)    the risk of undermining the public's confidence in the judicial process.

Petitioner believes that the court abused its discretion in failing to provide legal remedy available to Petitioner and ignored available alternatives and that its motivation was to secure the prosecution's argument because to grant evidence to be forensically tested would prove conclusively that Petitioner is actually innocent. It is undeniably error to exclude evidence and testing when Petitioner requests counsel to do so and or court simply refuses. Counsel and court did not view the evidence in a proper or truthful manner. See, Jackson v. Virginia, 443 U.S. 307, 61 L. Ed. 2d. 560, 99 S. Ct. 2781 (1979),

> " Constitutional test for sufficiency of the evidence is 'whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt'."

The crucial evidence was hidden and placed aside after the court refused to consider a motion to test handwriting and hair found on some alien dope bag.

C O N C L U S I O N

Petitioner/Jones has shown by a preponderance of facts and case law that his Constitutional rights were violated beyond circumstances which prejudiced him to a great extent.  The Fifth Amendment to the U.S. Constitution of Due Process of Law Clause in counsel and court failing to challenge the subject matter jurisdiction in a federal case which evidence was overlooked, misconstrued and basically ignored by all the officers of the court.

The Sixth Amendment to the same in the ineffective assistance of counsel failed in a manifestly unreliable manner, conflict of interest and a fundamentally substandard assistance.

CLAIM    UPON    WHICH    RELIEF    MAY    BE    GRANTED

Petitioner was not afforded effective counsel and an evidentiary hearing should be granted as another trial for the fraud upon the court perpetuated by a fake confession written and signed by someone other than Petitioner.  A possibly invalid prior charging instrument and a failure to ask Petitioner if he stipulated to all the essential elements of the offense charged was pleaded into the prior state offense used to illegally enhance a federal sentence.

P R A Y E R      F O R      R E L I E F

Petitioner/Defendant, Keefer Jones, comes now and respectfully requests and prays that the following issues may be considered for relief in the interests of justice:

1. An evidentiary hearing should be required to perform a expert forensic handwriting to determine that this Petitioner was not the party who fraudulently prepared a false confession or the person who actually signed said confession.

2. An evidentiary hearing should also be made by forensic experts to ascertain the hair sample allegedly found on "dope bag" was not the hair of Defendant, but of possibly the actual person whose dope bag it was or who planted the dope bag.

3. Resentencing should be ordered to leave out the state prior drug charge used for enhancement because there was no actual charging instrument made available to prove all the essential elements of offenses charged were accurate, or pled into the state complaint, thus denying Defendant his Fifth Amendment rights to Due Process of Law to challenge the want of subject matter jurisdiction, which was lost when court failed to show the actual charging instrument used to enhance a federal sentence.

# C E R T I F I C A T E    O F    S E R V I C E

I, Petitioner/Defendant, Keefer Jones, acting in propria persona and in want of counsel, hereby swear under the penalty of perjury, that a True and Correct copy(s) of this MOTION TO SET ASIDE, VACATE, OR CORRECT A FEDERAL SENTENCE UNDER 28 U.S.C. § 2255 IN A FUNDAMENTALLY AND MANIFESTLY DEFECTIVE PROCEEDING, was mailed to the parties listed below, from the FCI-Pekin, Illinois legal mailbox on the _25_ day of ___April___, 2007.

Respectfully submitted,

Keefer Jones

Keefer Jones

Iowa-2, #12843-026

P. O. Box 5000

Pekin, Illinois 61555-5000

Mailed to:

U.S. District Court

Clerk of the Court

318 U.S. Courthouse

201 S. Vine Street

Urbana, Illinois

    61801

Assistant U.S. Attorney

Mr. Colin S. Bruce

201 S. Vine Street

Urbana, Illinois 61803