E-FILED
Wednesday, 30 May, 2007 11:35:47 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| KEEFER JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV07-2086 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

### RESPONSE TO 28 U.S.C. §2255 MOTION

Now comes the United States by its attorneys, Rodger A. Heaton, United States Attorney, and Assistant United States Attorney, Colin S. Bruce, and hereby responds to the petitioner's *pro se* motion pursuant to 28 U.S.C. § 2255 as follows:

District Court Proceedings

1. On April 5, 2002, the petitioner was charged by indictment with possession of five or more grams of cocaine base ("crack") with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). (R.6).[1]

2. On May 30, 2002, the petitioner moved to continue the trial. In his motion, he acknowledged that he had received the discovery two days earlier, but argued that he

---

[1] References to the documents in the record in the petitioner's criminal case, case number 02-CR-20029, are to the docket number on the district court's docket sheet, e.g., "R.__"; references to the transcript of the hearing on the petitioner's second motion to continue his trial in his criminal case are to "Cont.Tr.__"; references to the transcript of the sentencing hearing are to "Sent.Tr.__"; references to the government's exhibits at trial are to "Govt.Ex.__"; references to the presentence report are to "PSR ¶__."

needed more time to review and evaluate the discovery and to negotiate a possible resolution of the case with the government. (R.9)

3. Also on May 30, 2002, the United States filed a notice of prior conviction pursuant to 21 U.S.C. § 851, such notice subjecting the petitioner to enhanced sentencing under 21 U. S.C. §841(a)(1) and (b)(1)(B). (R.10)

4. The district court granted the motion to continue and re-set the trial from June 10 to July 15, 2002. (docket entry 5/30/02)

5. On June 28, 2002, during the final pre-trial conference, both the government and the petitioner advised the district court they were ready to proceed to trial on July 15, 2002. (docket entry 6/28/02)

6. On July 3, 2002, the petitioner filed a second motion to continue the trial. In this motion, the petitioner claimed that the written confession that the government claimed he prepared was not in his handwriting. He requested a continuance to obtain a handwriting expert who could examine the confession and testify at trial. (R.11)

7. On July 10, 2002, a hearing was held on the petitioner's second motion to continue the trial. During the hearing, the district court reviewed the written confession. The district court also reviewed Agent Warren's affidavit made in support of the criminal complaint, which set forth the existence and contents of the written confession. (Cont.Tr.15-16,23-26) The district court noted that the petitioner and his counsel knew of the existence of the written confession at the petitioner's initial appearance on March 14, 2002. In addition, a copy of the confession was given to the petitioner as part of

discovery at the end of May 2002. (Cont.Tr.27-31) The district court concluded that there was no legitimate reason to continue the trial a second time based upon the petitioner's last-minute decision to ask for a handwriting expert to examine the written confession. Accordingly, the district court denied the petitioner's second motion to continue. (Cont.Tr.33-36)

8.  Trial commenced on July 15, 2002. After two days of trial, the petitioner was found guilty of the charge. (R.24;docket entry 7/16/02)

9.  The Pre-Sentence Report ("PSR") calculated the petitioner's adjusted offense level at 32 and his criminal history category at VI. (PSR ¶¶26,44) The resulting Sentencing Guidelines imprisonment range was 210 to 262 months. (Sent.Tr.41-43;PSR¶69)

10.  On June 3, 2004, the district court sentenced the petitioner to 262 months of imprisonment. (R.61) The district court further sentenced the petitioner to eight years of supervised release and ordered him to pay a $100 special assessment. (R.61) The district court entered its judgment on June 7, 2004. (R.61)

The Appeal and Appellate Opinion

11.  The petitioner filed a timely notice of appeal on June 3, 2004. (R.59)

12.  In his appeal, Jones claimed, among other arguments, that the Court's denial of his second motion to continue his trial was error and that his inability to call a handwriting expert was fatally prejudicial to his defense.

13. On August 23, 2006, the Seventh Circuit Court of Appeals affirmed the petitioner's conviction and sentence. *United States v. Jones*, 455 F.3d 800 (7th Cir. 2006). In it's opinion, the Appellate Court noted that the denial of the petitioner's second motion to continue was not an abuse of discretion. *Jones* at 805. ("Upon review of the record before us, we cannot say that the district court abused its discretion [in denying the second motion to continue].")

14. When discussing the petitioner's need for a handwriting expert, the Appellate Court further noted that, "Since Mr. Jones had not yet hired the handwriting expert witness and obtained an analysis, we certainly are not assured that the handwriting expert would have testified that the statement was not written by Mr. Jones. Even if the expert had given such testimony, the evidence against Mr. Jones was overwhelming." Therefore, the Appellate Court concluded, the petitioner was not prejudiced by his inability to call a handwriting expert. *Id*.

The Petitioner's Motion Under 28 U.S.C. § 2255

15. On April 26, 2007, the petitioner filed a motion under 28 U.S.C. §2255 to vacate his sentence claiming, in conclusory fashion, that the denial of his second motion to continue and his inability to retain a handwriting expert unconstitutionally denied

him a fair trial. The petitioner also claims, for the first time, that his sentence was unconstitutionally enhanced by a prior conviction in which not every element was found by a jury beyond a reasonable doubt.[2]

Conclusion

16.  Unfortunately for the petitioner, his claims concerning the denial of his second motion to continue and his retention of a handwriting exert are foreclosed by the opinion of the Seventh Circuit Court of Appeals. *Supra*, ¶¶13-14.

17.  Furthermore, his claim concerning his prior conviction is without merit.  A prior conviction which increases a statutory maximum sentence does not need to be proven to a jury beyond a reasonable doubt or admitted by a defendant. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

WHEREFORE, the petitioner's motion should be denied.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ COLIN S. BRUCE
COLIN S. BRUCE, Bar No. IL 6200946
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
colin.bruce@usdoj.gov

---

[2] The petitioner's claims are contained within three different documents filed by the petitioner. Furthermore, the claims are incorrectly labeled as ineffective assistance of counsel claims when they are actually directed against rulings made by the district court.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> Keefer Jones
> 12843-026
> Pekin Federal Correctional Institution
> Inmate Mail/Parcels
> P.O. Box 5000
> Pekin, IL 61555

s/ COLIN S. BRUCE
COLIN S. BRUCE, Bar No. IL 6200946
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
colin.bruce@usdoj.gov