UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **KEEFER JONES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-2086 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**ORDER**

On April 26, 2007, Petitioner Keefer Jones filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1). Petitioner also filed two memoranda in support (#2, #3). On May 30, 2007, the Government filed its Response (#5). For the reasons that follow, Petitioner's motion is DENIED.

BACKGROUND

On April 5, 2002, Petitioner was indicted on the charge of possession of five or more grams of cocaine base ("crack") with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On May 30, 2002, Petitioner made a motion to continue the trial. On that same date, the Government filed a notice of prior conviction indicating Petitioner was subject to enhanced sentencing based upon his criminal record. The court granted the motion to continue and reset the trial from June 10, 2002, to July 15, 2002. On July 3, 2002, Petitioner filed a second motion to continue the trial. Petitioner sought the continuance to obtain a handwriting expert to examine his

written confession. On July 10, 2002, this court held a hearing on the motion to continue and concluded there was no reason to continue the trial because counsel had been aware that Petitioner wrote the statement on March 13, 2002, when the affidavit in support of the criminal complaint was filed.

Petitioner's trial began on July 15, 2002. At the conclusion of the trial, Petitioner was found guilty of the charge. On June 3, 2004, this court sentenced Petitioner to 262 months' imprisonment. On June 3, 2004, Petitioner filed a notice of appeal. On August 1, 2006, the Seventh Circuit issued an order affirming Petitioner's conviction and sentence. See United States v. Jones, 455 F.3d 800 (7th Cir. 2006).

In his Motion to Vacate, Set Aside, or Correct Sentence, Petitioner asserts his counsel was ineffective for: (1) failing to obtain a handwriting expert to examine his written confession; (2) failing to adequately prepare for trial because counsel did not receive discovery until the day of the final pretrial conference; (3) failing to have a hair analysis done on a hair found in seized drug evidence; and (4) failing to "determine essential elements of prior charging instrument used to enhance federal sentence." Petitioner also argues his counsel at sentencing had a conflict of interest because Petitioner spit on his counsel's face during his sentencing hearing. Finally, Petitioner argues that this court erred in denying his motion to continue in order to obtain a handwriting expert for his confession.

ANALYSIS

As concerns Petitioner's claims of ineffective assistance of counsel with regard to failing to obtain a handwriting expert or having a hair analysis done on the hair found in seized drugs, and not receiving discovery until the day of the final pretrial conference, this court finds these claims

without merit. To establish ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation: (1) fell below an objective standard of reasonableness; and (2) prejudiced the Petitioner. Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 688 (1984). Even if Petitioner were able to establish the first prong of this analysis, Petitioner is unable to establish prejudice. As the Seventh Circuit noted on direct appeal, the evidence against Petitioner was "overwhelming," including testimony from a police officer that Petitioner confessed to him that he intended to sell the drugs found in the address where Petitioner had been staying. Jones, 455 F.3d at 806. Accordingly, Petitioner is not entitled to relief on these claims.

Petitioner's claim regarding his counsel's failure to "determine essential elements of prior charging instrument used to enhance federal sentence" is not well developed. Based upon this court's reading of Petitioner's submissions, it appears Petitioner may be arguing that he could not be given a sentencing enhancement based upon his prior criminal record without the charging instrument from the state matter being presented to the court. The court finds this argument completely without merit. Petitioner's prior convictions were more than adequately set forth in the Pre-Sentence Investigation Report. Furthermore, the Federal Rules of Evidence do not apply at sentencing. See Fed. R. Evid. 1101(d)(3). In addition, prior convictions are not required to be proven beyond a reasonable doubt. See Almendarez-Torres v. United States, 523 U.S. 224 (1998). Accordingly, this claim must fail.

Petitioner's claim that his counsel at sentencing had a conflict of interest is also without merit. While it is true that Petitioner spit in his counsel's face during the sentencing, Petitioner's counsel continued to conduct herself in a professional manner despite Petitioner's best efforts to

provoke her. Furthermore, Petitioner has failed to set forth a specific instance where his counsel failed to act in an appropriate manner or serve as adequate counsel following this incident.

Finally, Plaintiff's claim that this court erred in denying his second motion to continue is precluded by the decision of the Seventh Circuit Court of Appeals on direct appeal. The Seventh Circuit determined that this court did not abuse its discretion when it determined that a continuance was not warranted. See Jones, 455 F.3d at 805. Pursuant to the law of the case doctrine, when an issue is decided on the merits on appeal, that decision is binding on this court when asked to decide the same issue in a § 2255 petition unless there is some good reason for reexamining it. Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005). This court finds no reason to reexamine the issue and therefore declines to address this argument.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(2) This case is terminated.

ENTERED this 11TH day of June, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE