IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

KEEFER JONES,
Petitioner,

Vs.                                            Re: CV07-2086

UNITED STATES OF AMERICA,
Respondant.

MOTION FOR RECONSIDERATION OF DENIAL

TO PETITIONER'S §2255 MOTION

OR IN THE ALTERNATIVE FOR A

CERTIFICATE OF APPEALABILITY

FILED

JUL -3 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

NOW COMES. the petitioner, Keefer Jones, pro-se and hereby moves this Honorable Court to reconsider the denial of his §2255 motion to vacate his unconstitutional sentence/conviction.
In the alternative, petitioner prays the court for a certificate of appealability to the Seventh Circuit Court of Appeals.

In support of this petition, petitioner states as follows:
On April 26, 2007, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255.
On May 30,2007, the Government filed its response. Petitioner had been moved to a new location by the FBOP and the document did not arrive in Marion, Ill. until June 11, 2007 as it was mailed first to Pekin, Ill. see attached copy of postmarks.

(2)

Petitioner was preparing a reply to the government's response when he was ready to mail it on June 15, 2007, Petitioner received the court's order denying the section 2255 motion. Otherwise the reply brief would have been timely.

As this motion for reconsideration is being mailed on June 25, 2007 it is also considered as timely.

The government's response had set forth that petitioner's section 2255 motion merely objected to the discretion of this court's rulings. inter alia.

These issues warranted a response so the factfinder had a better understanding of petitioner's claims. see Berges V. United States, 37 FS.2d 116, 118 (D.P.R. 1999), affd, 2000 WL 147595 (1st cir. 2000) (petitioner filed brief in reply to the government's response to petitioner's §2255 motion); Reyes Mercado V. United States, 962 Fs. 12, 13 (D.P.R. 1997) (same).

18 U.S.C §3006A(a) authorizes appointed counsel for any person who is financially unable to obtain adequate representation when charged with a felony.

Petitioner's §2255 motion was centered around the ineffectiveness of his court appointed counsel.

Ineffective assistance of counsel claim is based on counsel's failure to utilize 18 U.S.C §3006A(e)(1) which reads; Upon request counsel for a person who is financially unable to obtain investigative, expert or other services necessary for adequate representation may request them in an Ex Parte application.

To further show counsel's performance fell below an objectionable standard of reasonableness and that petitioner was prejudiced by it, §3006A(e)(2) reads that counsel may obtain the expert services

(3)

without prior request if he was appointed under this section.
Even though counsel only had a limited amount of time to
investigate the discovery material presented by the government, he
should have known he was capable of obtaining the expert testimony
immediately that was available pursuant the criminal justice act.
There were no strategic reasons for failing to investigate the need
of an expert and then utilizing the Act in order to obtain the
necessary testimony as this testimony would have been crucial to
one of the petitioner's main defenses.
On July 10, 2002, when the hearing was held, counsel was also in-
effective for not requesting the proceeding in Ex Parte according
to section 3006A(1)(e).
Petitioner did not set forth an abuse of discretion grounds in
his §2255 motion. Had the circumstances warranted such grounds,
petitioner would have cited them separately in his motion.
But as the record shows, the fact that counsel failed to obtain
the expert testimony or seek the hearing Ex Parte more likely falls
to the ineffective assistance of counsel claim.

WHEREFORE; Petitioner avers an evidentiary hearing on the claims of
ineffective assistance of counsel hold merit and should be heard.
Which is the relief requested herein.
Petitioner further requests this court allow him to expand and
supplement his §2255 brief in order to present a claim of ineffective
counsel for failure to object to a standard of reasonableness in
sentencing. Under Haines V. Kerner, 30 L.ed.2d 652 (1972) the
courts do not hold a pro-se litigant to the same standards as a
professional attorney. Petitioner wished to solicit the claim of
a standard of reasonableness but inadvertantly left out the argu-

(4)

ment when filing his section 2255 motion in April of 2007.
Petitioner requests this Honorable Court to GRANT the relief that has been requested herein. In the interset of justice.

Respectfully Submitted,

s/ *Keifer Jones*

I hereby attest to the foregoing under 28 U.S.C §1746 penalty of perjury.

s/ *Keifer Jones*

I hereby certify that a true and correct copy has been placed in the U.S. Mail and addressed to counsel for the government at the address below.

s/ *Keifer Jones*

Dated this 25th day of June, 2007.

cc) U.S. Attorney
Colin S. Bruce
201 S. Vine St., St.226
Urbana, Il 61802

Keefer Jones 12843-026
U.S. Penitentiary
P.O. Box 1000
Marion, Il 62959
Pro-se for
Keefer Jones

Enclsure) Exhibit "A"
Petitioner's original reply brief to the government's response.